**DLA Piper LLP (US)**
Gina Durham, Bar No. CA-295910
gina.durham@us.dlapiper.com
Jordan Chisek, Bar No. CA-320919
jordan.chisek@us.dlapiper.com
555 Mission Street
Suite 2400
San Francisco, California 94105-2933
Telephone:    415.836.2500
Facsimile:    415.836.2501

*Attorneys for Plaintiff*
*Spothopper, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| SPOTHOPPER, INC., | Case No. |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | **(17 U.S.C. §§ 101, et seq.)** |
| OWNER.COM, INC., | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

- 1 -                                                    COMPLAINT

1634965126.1

**INTRODUCTION**

Plaintiff Spothopper, Inc. ("Spothopper") by its attorneys, DLA Piper LLP (US), hereby submits its Complaint against Defendant Owner.com, Inc. ("Owner.com") as follows:

1.     This is an action for copyright infringement arising from Owner.com's unauthorized reproduction and display of Spothopper's copyrighted photographs on restaurant websites that Owner.com designs, builds, and hosts. Rather than invest its own resources in creating website content, Owner.com has repeatedly misappropriated the photographs of its competitor, Spothopper.

2.     Spothopper is a provider of digital marketing and website services for restaurants, including the creation and licensing of professional food and restaurant photography.

3.     Owner.com provides competing website services to restaurants, including website design, hosting, and related digital services.

4.     In providing those services, Owner.com has reproduced and displayed Spothopper's copyrighted photographs on restaurant websites without authorization.

5.     These photographs were created by Spothopper and provided to restaurant customers subject to contractual limitations. Where customers do not purchase expanded rights through a buyout fee, they do not own the photographs provided by Spothopper and cannot authorize their use by third parties.

6.     Owner.com nevertheless used these photographs on websites it operates or supports, even though the relevant customers did not have ownership rights or authority to permit such use.

7.     Spothopper notified Owner.com of its infringement, but Owner.com has continued its unlawful conduct.

8.     Spothopper brings this action to stop Owner.com's infringement and recover damages resulting from Defendant's unauthorized use of Spothopper's copyrighted works.

DLA PIPER LLP (US)

- 2 -                                                    COMPLAINT

1634965126.1

## PARTIES

9.   Plaintiff Spothopper, Inc. is a corporation organized under the laws of Delaware, with a place of business at 7330 W. Greenfield Avenue, Suite 210, West Allis, Wisconsin.

10.   On information and belief, Defendant Owner.com, Inc. is a corporation organized under the laws of Delaware, with a place of business at 535 Everett Ave, #615, Palo Alto, California 94301.

11.   On information and belief, Owner.com conducts business throughout the United States, including in California, and provides website services to restaurant customers whose websites are accessible in this District.

## VENUE AND JURISDICTION

12.   This action arises under the Copyright Act, 17 U.S.C. §§ 101 et seq.

13.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14.   This Court has personal jurisdiction over Owner.com because Owner.com resides in this District and conducts business here.

15.   Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) because Defendant resides in this District and may be found here.

## FACTUAL ALLEGATIONS

**A.   Spothopper's Business and Copyrighted Works**

16.   Spothopper creates, commissions, and owns professional photographs used on restaurant websites and marketing materials.

17.   These photographs depict food, beverages, restaurant interiors, and related visual content used to promote restaurant businesses.

18.   Spothopper invests substantial resources in creating these photographs, including arranging photo shoots, staging images, editing photographs, and maintaining image libraries.

19.   Spothopper licenses these photographs to restaurant customers subject to contractual terms governing use.

DLA PIPER LLP (US)

- 3 -                                                COMPLAINT

1634965126.1

20.    Under those terms, unless a customer purchases a buyout or expanded usage rights, the photographs remain Spothopper's property and cannot be reused, transferred, or displayed outside the scope of the license.

21.    Spothopper has obtained copyright registrations covering numerous photographs at issue in this action, including:

   a.    Registration No. VA 2-509-082 ("2022 Batch");

   b.    Registration No. VA 2-509-114 ("2023 Batch");

   c.    Registration No. VA 2-509-117 ("2024 Batch 1");

   d.    Registration No. VA 2-509-145 ("2024 Batch 2"); and

   e.    Registration No. VA 2-509-225 ("2025 Batch").

**True and correct copies of the five registrations are attached hereto as Exhibit A.**

22.    Spothopper owns the exclusive rights in these works, including the right to reproduce and publicly display them.

23.    The photographs identified in this Complaint, including those set forth below, are included within one or more of the registered works identified above.

**B.    Owner.com's Unauthorized Use of Spothopper's Images**

24.    Owner.com designs, builds, and hosts websites for restaurant customers.

25.    In connection with these services, Owner.com has reproduced and displayed photographs owned by Spothopper on restaurant websites without authorization.

26.    Spothopper identified this conduct by reviewing Owner.com-powered restaurant websites and comparing displayed images to Spothopper's image libraries.

27.    Through this investigation, Spothopper identified multiple restaurant websites displaying photographs originating from Spothopper's libraries.

28.    Spothopper's internal review of approximately thirty accounts identified numerous instances where photographs were used on Owner.com-powered websites even though no buyout fee was paid.

1634965126.1

29. Spothopper's investigation remains ongoing, and additional instances of infringement are expected to be identified.

30. In many instances, the photographs displayed on Owner.com-powered websites were cropped or modified, but retained distinctive identifying details confirming they originated from Spothopper's works.

31. The use of Spothopper's photographs across multiple restaurant websites demonstrates a pattern of intentional unauthorized use.

32. Representative examples of these unauthorized uses are shown in the side-by-side comparisons attached as exhibits to this Complaint.

33. The infringing websites include, but are not limited to:

    a. Fire In the Bricks;

    b. Luna's Mexican Rotisserie;

    c. Manjay Restaurant Doral Florida;

    d. Sunnyside Diner;

    e. Sunnyboy Biscuit Company; and

    f. Catharsis Bar & Grill.

34. Owner.com operates, controls, or supports the restaurant websites on which the infringing photographs are displayed.

35. Spothopper's records confirm that, for the identified restaurants, no buyout or expanded usage rights were purchased for the photographs at issue.

36. Accordingly, those restaurant customers did not own the photographs and did not have the right to provide, transfer, or authorize use of those photographs to third parties, including Owner.com.

37. Owner.com nevertheless reproduced and displayed these photographs on websites it operates or supports without authorization.

DLA PIPER LLP (US)

- 5 -

COMPLAINT

1634965126.1

**C.      Notice and Continued Infringement**

38.      On March 26, 2026, Spothopper notified Owner.com of its infringement and demanded that it cease its unlawful conduct.

39.      The notice identified specific instances of unauthorized use and explained that Owner.com's conduct constituted copyright infringement.

40.      Owner.com failed to provide any evidence that it had rights to use Spothopper's photographs.

41.      Owner.com also failed to cease its conduct and continued to display the infringing photographs.

42.      Owner.com's infringement is therefore willful.

**D.      Spothopper's Infringed Photographs**

43.      Rather than invest its own resources into creating website content, Owner.com has engaged in a pattern and practice of copying, reproducing, distributing, and publicly displaying Spothopper's copyrighted photographs across restaurant websites that Owner.com designs, operates, hosts, and/or supports.

44.      Each unauthorized reproduction, distribution, or display of a copyrighted photograph constitutes a separate act of infringement.

45.      The following are representative examples of Spothopper's copyrighted photographs that Owner.com reproduced and displayed without authorization:

**Infringed Photograph #1 (Fire in the Bricks)**

46.      Spothopper created and owns the copyright in a photograph depicting: a whole brick-oven-style pizza with a charred crust, melted cheese, meat toppings, red sauce, and herbs, (the "Photograph #1").

47.      Photograph #1 is included in one or more registered works, including: Registration No. VA 2-509-145 ("Spothopper 2024 Batch 2"), including individual photograph FB70.

48.      Spothopper provided Photograph #1 to a restaurant customer subject to contractual restrictions that prohibit further use absent payment of a buyout fee.

49.     That restaurant did not purchase a buyout or otherwise obtain ownership or expanded usage rights in Photograph #1.

50.     Owner.com, without authorization, reproduced and publicly displayed Photograph #1 on the website for Fire In the Bricks.

51.     The infringing use appears at:

https://www.fireinthebricks.com/images/img_8.webp

52.     The photograph displayed on Defendant's website is substantially identical to Spothopper's copyrighted Photograph #1.

53.     On information and belief, Defendant copied Photograph #1 from Spothopper's original work or from materials provided by a customer.

54.     A true and correct comparison of Photograph #1 and Defendant's infringing use is attached as Exhibit B.

**Infringed Photograph #2 (Luna's Mexican Rotisserie)**

55.     Spothopper created and owns the copyright in a photograph depicting: a plate of street tacos with Mexican rice and lime wedges, (the "Photograph #2").

56.     Photograph #2 is included in one or more registered works, including Registration No. VA 2-509-225 ("Spothopper 2025 Batch 1"), including individual photograph LM103.

57.     Spothopper provided Photograph #2 to a restaurant customer subject to contractual restrictions that prohibit further use absent payment of a buyout fee.

58.     That restaurant did not purchase a buyout or otherwise obtain ownership or expanded usage rights in Photograph #2.

59.     Owner.com, without authorization, reproduced and publicly displayed Photograph #2 on the website for Luna's Mexican Rotisserie.

60.     The infringing use appears at: https://lunasrotisserie.com/pluto-images/funnel/images/97d31e4f-bad6-4d56-80dd-ee7781d4acc4?w=1920&fit=cover.

61.     The photograph displayed on Defendant's website is substantially identical to Spothopper's copyrighted Photograph #2.

DLA PIPER LLP (US)

- 7 -                                                          COMPLAINT

1634965126.1

62. On information and belief, Defendant copied Photograph #2 from Spothopper's original work or from materials provided by a customer.

63. A true and correct comparison of Photograph #2 and Defendant's infringing use is attached as Exhibit C.

**Infringed Photograph #3 (Manjay Restaurant)**

64. Spothopper created and owns the copyright in a photograph depicting: a plated dish of fried fritters arranged around dipping sauce and garnished with microgreens, (the "Photograph #3").

65. Photograph #3 is included in one or more registered works, including: Registration No. VA 2-509-082 ("Spothopper 2022 Batch 1"), including individual photograph MR13.

66. Spothopper provided Photograph #3 to a restaurant customer subject to contractual restrictions that prohibit further use absent payment of a buyout fee.

67. That restaurant did not purchase a buyout or otherwise obtain ownership or expanded usage rights in Photograph #3.

68. Owner.com, without authorization, reproduced and publicly displayed Photograph #3 on the website for Manjay Restaurant Doral Florida.

69. The infringing use appears at:  https://manjayrestaurant.com/page/specials

70. The photograph displayed on Defendant's website is substantially identical to Spothopper's copyrighted Photograph #3.

71. On information and belief, Defendant copied Photograph #3 from Spothopper's original work or from materials provided by a customer.

72. A true and correct comparison of Photograph #3 and Defendant's infringing use is attached as Exhibit D.

**Infringed Photograph #4 (Sunnyside Diner)**

73. Spothopper created and owns the copyright in a photograph depicting: a breakfast platter with sunny-side-up eggs, home fries, bacon, sausage patties, toast, and powdered-sugar pastries, (the "Photograph #4").

DLA PIPER LLP (US)

- 8 -                                                    COMPLAINT

1634965126.1

74. Photograph #4 is included in one or more registered works, including: Registration No. VA 2-509-114 ("Spothopper 2023 Batch 1"), including individual photograph SD49.

75. Spothopper provided Photograph #4 to a restaurant customer subject to contractual restrictions that prohibit further use absent payment of a buyout fee.

76. That restaurant did not purchase a buyout or otherwise obtain ownership or expanded usage rights in Photograph #4.

77. Owner.com, without authorization, reproduced and publicly displayed Photograph #4 on the website for Sunnyside Diner.

78. The infringing use appears at: https://sunnysidediner.com/pluto-images/funnel/images/b0d90002-2cf7-47e9-98f3-6c73c1c98748?w=768&h=768&fit=cover.

79. The photograph displayed on Defendant's website is substantially identical to Spothopper's copyrighted Photograph #4.

80. On information and belief, Defendant copied Photograph #4 from Spothopper's original work or from materials provided by a customer.

81. A true and correct comparison of Photograph #4 and Defendant's infringing use is attached as Exhibit E.

**Infringed Photograph #5 (Sunnyboy Biscuit Company)**

82. Spothopper created and owns the copyright in a photograph depicting: cinnamon rolls topped with icing and served with vanilla ice cream, (the "Photograph #5").

83. Photograph #5 is included in one or more registered works, including: Registration No. VA 2-509-225 ("Spothopper 2025 Batch 1"), including individual photograph SB43.

84. Spothopper provided Photograph #5 to a restaurant customer subject to contractual restrictions that prohibit further use absent payment of a buyout fee.

85. That restaurant did not purchase a buyout or otherwise obtain ownership or expanded usage rights in Photograph #5.

86. Owner.com, without authorization, reproduced and publicly displayed Photograph #5 on the website for Sunnyboy Biscuit Company.

1634965126.1

87.     The infringing use appears at: https://sunnyboybiscuitco.com/pluto-images/funnel/images/58bdd796-ba74-40fa-a0d4-37ccfd061e54?w=600&fit=cover.

88.     The photograph displayed on Defendant's website is substantially identical to Spothopper's copyrighted Photograph #5.

89.     On information and belief, Defendant copied Photograph #5 from Spothopper's original work or from materials provided by a customer.

90.     A true and correct comparison of Photograph #5 and Defendant's infringing use is attached as Exhibit F.

**Infringed Photograph #6 (Catharsis Bar & Grill)**

91.     Spothopper created and owns the copyright in a photograph depicting: an overhead spread of multiple plated dishes and cocktails on a wooden table, (the "Photograph #6").

92.     Photograph #6 is included in one or more registered works, including: Registration No. VA 2-509-114 ("Spothopper 2023 Batch 1"), including individual photograph CB16.

93.     Spothopper provided Photograph #6 to a restaurant customer subject to contractual restrictions that prohibit further use absent payment of a buyout fee.

94.     That restaurant did not purchase a buyout or otherwise obtain ownership or expanded usage rights in Photograph #6.

95.     Owner.com, without authorization, reproduced and publicly displayed Photograph #6 on the website for Catharsis Bar & Grill.

96.     The infringing use appears at: https://catharsisbarandgrill.com/pluto-images/funnel/images/1d328afe-b143-46d2-a1d0-ec59818395f5?w=1920&fit=cover.

97.     The photograph displayed on Defendant's website is substantially identical to Spothopper's copyrighted Photograph #6.

98.     On information and belief, Defendant copied Photograph #6 from Spothopper's original work or from materials provided by a customer.

99.     A true and correct comparison of Photograph #6 and Defendant's infringing use is attached as Exhibit G.

DLA PIPER LLP (US)

- 10 -                                    COMPLAINT

1634965126.1

## FIRST CAUSE OF ACTION

### (Copyright Infringement – 17 U.S.C. §§ 106, 501)

100. Spothopper incorporates by reference all preceding allegations as though fully set forth herein.

101. Spothopper owns valid copyrights in the photographs at issue.

102. Spothopper's copyrights have been registered with the United States Copyright Office as shown in Exhibit A.

103. Owner.com reproduced and publicly displayed Spothopper's copyrighted photographs without authorization.

104. Owner.com's conduct violates Spothopper's exclusive rights under 17 U.S.C. § 106.

105. Owner.com's conduct constitutes copyright infringement under 17 U.S.C. § 501.

106. Owner.com's infringement has been willful.

107. Owner.com profited from the unauthorized use of Spothopper's copyrighted content, and those profits rightfully belong to Spothopper.

108. As a direct and proximate result of Owner.com's infringement, Spothopper has suffered damages.

109. The harm caused to Spothopper is irreparable.

## PRAYER

WHEREFORE, Plaintiff requests judgment:

A. For actual damages or statutory damages;

B. For disgorgement of Defendant's profits;

C. For injunctive relief prohibiting further infringement;

D. For attorneys' fees and costs;

E. For pre- and post-judgment interest; and

DLA PIPER LLP (US)

- 11 -                                    COMPLAINT

1634965126.1

F. For such other relief as the Court deems just.

Spothopper demands a trial by jury on all issues so triable.

Dated: July 31, 2026                                    **DLA PIPER LLP (US)**


By:*/s/ Gina Durham*
    Gina Durham

*Attorneys for Plaintiff*
*Spothopper, Inc.*

1634965126.1